IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TRACY ANTHONY MILLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 117-151 |
| | ) | |
| SCOTT WILKES; NATHAN DEAL; | ) | |
| and SAM OLENS, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, ostensibly brings this action seeking mandamus relief. After prompting from the Clerk of Court, (doc. no. 2), Petitioner paid the filing fee.[1] Notwithstanding the payment of the filing fee, the case or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1277-78 (11th Cir. 2001) (*per curiam*); 28 U.S.C. § 1915A.

I.  SCREENING

   A.  BACKGROUND

Petitioner names the following Respondents: (1) Scott Wilkes, former Warden at ASMP; (2) Nathan Deal, Governor of Georgia; and (3) Sam Olens, former Attorney General

---

[1] Because the filing fee has been paid, Petitioner's motion to compel prison officials to forward the filing fee from his prison trust account should be **DENIED AS MOOT**. (Doc. no. 6.)

for the State of Georgia. (See doc. no. 1, pp. 1, 4.) Petitioner spends seventeen of the eighteen substantive pages of his petition for a writ of mandamus detailing alleged errors with his underlying state court murder conviction. His discussion includes various theories of self-defense, (id. at 3-5), alleged racial bias by the trial court judge and jury, (id. at 6-8), and alleged improper jury instructions and evidentiary rulings, (id. at 9-13, 18). Petitioner also alleges he has been denied parole in violation of the American with Disabilities Act ("ADA") because his physical disability has somehow been improperly considered to support the decision to deny him parole. (Id. at 14-16.) For good measure, Petitioner also details alleged sexual misconduct and alleged retaliation by a prison guard who is not named as a respondent in his mandamus petition. (Id. at 17.)

In a motion to supplement and request to amend his petition, Petitioner invokes Federal Rule of Procedure 60(b) and cites Supreme Court case law from 2017 in support of his continuing challenges to his underlying conviction. (See doc. no. 7.) Petitioner contends racial animus played an improper role in his conviction, he shot his victim in self-defense, and improper jury instructions were given at his trial. (See id.)

### B.    DISCUSSION

#### 1.    Legal Standard for Screening

As set forth above, the case or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) & 1915A.[2] A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the

---

[2]See Waterfield v. Laboda, 518 F. App'x 667, 668 (11th Cir. 2013) (*per curiam*) (recognizing 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A are analogous provisions allowing *sua* sponte dismissal of prisoner case prior to service of process); see also Leal, 254 F.3d at 1278-79 (reviewing § 1915A *sua sponte* dismissal for failure to state a claim).

same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the pleading. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.     Petitioner Fails to State a Valid Claim for Relief.

**(a)     Mandamus**

The federal statute regarding writs of mandamus, 28 U.S.C. § 1361, provides such relief against only federal officers, employees, or agencies. Moreover, as Petitioner acknowledges, (doc. no. 1, p. 2), "[m]andamus jurisdiction is appropriate only where (1) the defendant owes a clear nondiscretionary duty to the plaintiff and (2) the plaintiff has exhausted all other avenues of relief." Lifestar Ambulance Serv., Inc. v. United States, 365 F.3d 1293, 1295 (11th Cir. 2004). Under these standards, Petitioner's mandamus request fails for multiple reasons.

First, all of the persons named as Respondents are state, not federal, officials. Second, Petitioner has not identified a nondiscretionary duty owed to him. He simply makes legal arguments concerning his views on the continuing viability of his underlying state court conviction, which as described below, is actually a request for habeas corpus relief.

Finally, Petitioner "cannot invoke the extraordinary remedy of mandamus because [he has] an alternative 'avenue of relief.'" Id. As discussed below, Petitioner may request permission to pursue a second or successive petition for habeas corpus relief. Although Petitioner offers absolutely no explanation as to how the ADA applies to his circumstances, he may attempt to raise any such claims, along with any claims he believes he may have about his living conditions at ASMP in a civil rights lawsuit.[3] In sum, Petitioner does not have a viable claim for federal mandamus relief.

**(b)     Improper Second or Successive Habeas Petition**

Although the Court has analyzed Petitioner's request for mandamus relief according to the title he affixed to his initial pleading, the Court may look beyond the title of a

---

[3] As Petitioner successfully litigated an ADA case resulting in entry of a settlement agreement with Department of Corrections officials, he is familiar with the procedure for filing such a case. See Miller v. King, CV 698-109, doc. no. 544 (S.D. Ga. Nov. 1, 2010).

4

document to properly analyze its substance. See, e.g., Spivey v. State Bd. of Pardons and Paroles, 279 F.3d 1301, 1302 n.1 (11th Cir. 2002) (*per curiam*) (looking past "artfully" labeled filing to apply limit on second or successive habeas petitions); Gilreath v. State Bd. of Pardons and Paroles, 273 F.3d 932, 933 (11th Cir. 2001) (*per curiam*) ("We look at the kind of relief Appellant seeks from the federal courts and conclude that, however the Appellant described it [motion for stay of execution], the motion was for habeas corpus relief.").  The overwhelming majority of the arguments in the initial filing, as well as the request to supplement and amend the petition, reveals this case is, in substance, a request for relief pursuant to 28 U.S.C. § 2254.  Any such request must be reviewed by the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  As Petitioner has previously filed for relief under § 2254, and had his claims denied on the merits, as described below, without authorization from the Eleventh Circuit Court of Appeals, this Court cannot hear his current claims.

The Court has power to take judicial notice of its own records, United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987), and those records reveal Petitioner previously sought, but was denied, federal habeas corpus relief for his murder and burglary convictions obtained after a jury trial in Burke County, Georgia.  See Miller v. Sikes, CV 196-195 (S.D. Ga. Nov. 21, 1996).  As outlined in those prior proceedings, Petitioner raised numerous substantive claims for relief, including some of the issues about which he now complains, including the composition of the jury, the sufficiency of the evidence used to convict him, and allegedly improper evidentiary rulings.  See, e.g., id., doc. no. 84, p. 2 (outlining claims for relief).  That petition was denied by Order of United States District Judge William T. Moore, Jr., on November 6, 1998.  Id., doc. no. 111.  Both Judge Moore and the Eleventh

Circuit Court of Appeals refused to issue a Certificate of Appealability (id., doc. nos. 128, 141), thereby concluding Petitioner's habeas proceedings. Undeterred, Petitioner continued to file papers in CV 196-195 until the Court entered an Order on January 9, 2003, directing the Clerk of Court not to accept any further filings from Petitioner bearing the Civil Action Number 196-195. Id., doc. no. 145.

Petitioner, no doubt, is familiar with the gatekeeping provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") that ban petitioners from filing second or successive petitions for habeas corpus relief in the district courts, as he has previously, unsuccessfully attempted to circumvent them. See Miller v. All Georgia Judges, CV 104-082 (S.D. Ga. May 11, 2004). The relevant portion of AEDPA states as follows: "Before a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997), *overruled on other grounds by* Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

Here, Petitioner has not been granted permission from the Eleventh Circuit to file a second or successive § 2254 petition. His attempt to invoke Rule 60(b) in his motion to supplement and amend does not save the current petition, as the law is clear that a petitioner cannot invoke Rule 60 to obtain relief from a prior habeas corpus judgment to circumvent

AEDPA's restrictions regarding second or successive petitions.[4]  See Gonzalez v. Crosby, 545 U.S. 524, 532 (2005); Franqui v. Florida, 638 F.3d 1368, 1371 (11th Cir. 2011). Without authorization from the Eleventh Circuit, this Court cannot consider Petitioner's habeas corpus claims.  See id. (affirming dismissal of claims as successive because he did not first file an application with the Eleventh Circuit).

### 3. Any Potential State Law Claims Should Be Dismissed Without Prejudice.

Although Petitioner cannot obtain the federal mandamus or habeas corpus relief he seeks, to the extent he may have any state law claims, those claims should be dismissed without prejudice.  (See doc. no. 1, p. 2 (citing Georgia Constitution and state case law).) Federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ."  Id. § 1367(c)(3) (emphasis added).

---

[4] As a general rule, leave to amend under Fed. R. Civ. P. 15(a) is given freely.  Foman v. Davis, 371 U.S. 178, 182 (1962); Wedemeyer v. Pneudraulics, Inc., 510 F. App'x 875, 878 (11th Cir. 2013).  That said, leave to amend is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it."  Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008).  "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment."  Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (quoting Foman, 371 U.S. at 182).  Because the Court cannot hear Petitioner's habeas corpus claims, his request to supplement and amend those claims is futile and should be **DENIED**.

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . . We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, the Court has determined that the claims serving as the basis for original federal court jurisdiction fail to state a claim upon which relief may be granted and should be dismissed. Thus, the Court must conclude the federal courts do not retain jurisdiction over any potential state law claims, and any such claims should be dismissed without prejudice. Vibe Micro, Inc. v. Shabanets, -F.3d-, No. 16-15276, 2018 WL 268849, at *3-4 (11th Cir. Jan. 3, 2018).

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Petitioner's case be **DISMISSED** for failure to state a claim upon which relief may be granted and **CLOSED**. Petitioner states no basis for federal mandamus relief. The substance of his petition is actually a request for federal habeas corpus relief which this

Court may not consider without authorization from the Eleventh Circuit Court of Appeals. The Court also **REPORTS** and **RECOMMENDS** any potential state law claims be **DISMISSED WITHOUT PREJUDICE**, the motion to compel be **DENIED AS MOOT**, (doc. no. 6), and the request to amend and supplement be **DENIED**, (doc. no. 7).

SO REPORTED and RECOMMENDED this 11th day of January, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA