# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF GEORGIA

# AUGUSTA DIVISION

| | |
|---|---|
| TRACY ANTHONY MILLER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 117-151 |
| | ) |
| SCOTT WILKES; NATHAN DEAL; | ) |
| and SAM OLENS, | ) |
| | ) |
| Respondents. | ) |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed, (doc. no. 11). The Magistrate Judge correctly determined Petitioner fails to state a valid claim for relief either as a request for a writ of mandamus or as an improper second or successive request for habeas corpus relief under 28 U.S.C. § 2254. (See doc. no. 8.)

Petitioner does not deny he filed this case as a mandamus action raising all of the issues identified by the Magistrate Judge, including: (1) a request for federal mandamus relief against state officials; (2) a non-specific reference to the Americans with Disabilities Act; (3) complaints about Petitioner's living conditions at Augusta State Medical Prison against persons not named as Respondents or Defendants; and (4) a successive request for habeas corpus relief. Rather, Petitioner complains he should have not been charged a $400.00 filing fee for a mandamus action because the fee for a habeas corpus case is $5.00.

Also, Petitioner continues to argue his underlying state conviction is unconstitutional. None of Petitioner's objections have merit.

First, Petitioner chose to attempt to bypass the gate-keeping provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 by styling his case as a request for a writ of mandamus. (See doc. no. 1, p. 1.) In accordance with the applicable fee schedule, the Clerk of Court notified Petitioner he owed $400.00 for filing such a mandamus case. (See doc. no. 2.) Moreover, as the Magistrate Judge explained, although the bulk of Petitioner's filing related to a request for habeas corpus relief, Petitioner did include other issues in his petition, that if filed on their own, would have required a $400.00 filing fee. Second, as Petitioner cannot proceed with his habeas corpus claims in this case, there is no need to allow additional time to amend those "constitutional challenges," and the Court **DENIES** the requests for additional time to amend contained within the objections and in the "Motion for Time," (doc. no. 10).

Accordingly, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DISMISSES** Petitioner's case for failure to state a claim upon which relief may be granted. Petitioner states no basis for federal mandamus relief. The Court **DISMISSES** any potential state law claims without prejudice and denies the request to amend and supplement, (doc. no. 7). The motion to compel is **MOOT**. (Doc. no. 6.)

To the extent Petitioner seeks successive federal habeas corpus relief under § 2254, the case must be dismissed because Petitioner has filed a successive application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh

2

Circuit Court of Appeals. Although Petitioner styled his case as a request for mandamus relief, in an abundance of caution, the Court addresses the requirements for obtaining a certificate of appealability ("COA") in a habeas corpus case. A prisoner seeking relief under § 2254 must obtain a COA before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 2nd day of February, 2018, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.